# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GLEN D. YADON,               )
                                            )
                     Plaintiff,     )
                                            )
vs.                                  )     Case No. 11-4164-JAR-JPO
                                            )
CITY OF COUNCIL GROVE, et al.,     )
                                            )
                    Defendants.    )

## MEMORANDUM AND ORDER

This civil rights suit is before the Court on Plaintiff Glen D. Yadon's Motion to Review (Doc. 7) Magistrate Judge O'Hara's Order denying appointment of counsel.[1]  Judge O'Hara explained in his decision that there is no constitutional right to appointed counsel in civil cases and, after considering the applicable standards, determined that appointment of counsel was not appropriate in this case.

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order.  With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[2]  "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it "on the entire evidence is left

---

[1]Doc. 6.

[2]*First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

with the definite and firm conviction that a mistake has been committed."'"[3]

Judge O'Hara found that plaintiff is capable of presenting his case without the aid of counsel, especially considering the liberal standards governing pro se filings.[4]  Plaintiff indicates in the motion for review that he has health problems that may present problems during the trial process.  While the Court acknowledges Plaintiff's stated health concerns, his potential difficulty during trial does not convince the Court that Judge O'Hara's decision was clearly erroneous.  Given his filings thus far, it is apparent that Plaintiff is able to present his claims and arguments to the Court without the assistance of counsel.  A trial date has not yet been set, so any concern about Plaintiff's ability to participate in trial is premature.

The Court has reviewed Judge O'Hara's Order denying appointment of counsel in this matter and determines that it is not clearly erroneous or contrary to the law.  Therefore, Plaintiff's Motion for Review must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Glen D. Yadon's Motion to Review (Doc. 7) is **denied.**

Dated: December 1, 2011

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[3]*McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 3069, at 355 (2d ed. 1997) and quoting *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948))).

[4]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).